CINCINNATI BAR ASSOCIATION *v.* SERSHION ET AL.

[Cite as *Cincinnati Bar Assn. v. Sershion*,

126 Ohio St.3d 393, 2010-Ohio-3803.]

*Unauthorized practice of law — Attempt to negotiate settlement of personal-injury claim — Consent decree accepted — Injunction imposed.*

(No. 2010-0794 — Submitted May 26, 2010 — Decided August 24, 2010.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the

Supreme Court, No. UPL 10-02.

————————————

**Per Curiam**.

{¶ 1} Pursuant to Gov.Bar R. VII(5b), the Board on the Unauthorized Practice of Law has recommended our approval of a consent decree proposed by relator, Cincinnati Bar Association, and respondents, Terry A. Sershion and Fiduciary One, L.L.C. We accept the board's recommendation and approve the proposed consent decree submitted by the parties, as follows:

{¶ 2} "**Stipulated Findings of Fact and Conclusions of Law:**

{¶ 3} "1. Relator, Cincinnati Bar Association, is duly authorized to investigate and prosecute activities which may constitute the unauthorized practice [of] law in the State of Ohio.

{¶ 4} "2. Respondent, Terry A. Sershion, is an individual and sole member of Fiduciary One, LLC, a Limited Liability Company organized under the laws of Ohio.

{¶ 5} "3. Respondent Sershion individually and as the sole member of Fiduciary One, LLC held himself out as being able to negotiate and settle insurance claims for (sic) including claims for bodily injury and extra-contractual damages or 'bad faith.'

**{¶ 6}** "4.   Respondent Sershion is an Ohio licensed public insurance adjuster.

**{¶ 7}** "5.   Respondent Sershion has never been admitted to the practice of law in Ohio or any other state.

**{¶ 8}** "6.   These proceedings identified one Ohio resident for whom respondent attempted to negotiate the settlement of a claim for bodily injury.  In that matter Respondent Sershion engaged in the negotiation of a claim for bodily injury to a minor arising out of a motor vehicle accident.

**{¶ 9}** "7.   Sershion published an advertisement on the internet claiming to have expertise in the resolution of claims for 'bad faith.'

**{¶ 10}** "8.   Shortly after the commencement of formal discovery in the within matter, Respondent Sershion agreed to cease and desist from activities constituting the unauthorized practice of law.

**{¶ 11}** "9.   The Supreme Court of Ohio has original jurisdiction regarding admission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law.  Section 2(B)(1)(g), Article IV, Ohio Constitution; *Royal Indemnity Co. v. J.C. Penney Co.* (1986), 27 Ohio St.3d 31, 27 OBR 447, 501 N.E.2d 617.

**{¶ 12}** "10.   The unauthorized practice of law consists of rendering legal services for another by a person not admitted to practice in Ohio.  Gov.Bar R. VII(2)(A).

**{¶ 13}** "11.   The practice of law includes the negotiation and settlement of claims of bodily injury, *Cincinnati Bar Assn. v. Fehler-Schultz* (1992), 64 Ohio St.3d 452, 597 N.E.2d 79, and the giving of legal advice.  *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650.

**{¶ 14}** "12.   Ohio's licensed public insurance adjuster statute, R.C. 3951.01 et seq., only permits public adjusters to represent clients in claims for loss or damage under a policy of insurance covering real or personal property.

**{¶ 15}** "13. Respondent's presentation of claims of bodily injury under liability policies is the unauthorized practice of law. The assertion of claims for extra-contractual damages under other policies of insurance would also be the unauthorized practice of law.

**{¶ 16}** "14. Respondent Sershion's presentation of a claim on behalf of the minor * * * and her parents in and after October 2007 constituted the unauthorized practice of law.

**{¶ 17}** "15. Each of the above acts is found to constitute the unauthorized practice of law and is based upon specific evidence or an admission that contains sufficient information to demonstrate the specific activities upon which the conclusions are drawn in compliance with Gov.Bar R. VII(7)(H); and *Cleveland Bar Assn. v. CompManagement, Inc.*, 111 Ohio St.3d 444, 2006-Ohio-6108, 857 N.E.2d 95, at ¶ 24-26.

**{¶ 18}** "**Waiver of Civil Penalty**

**{¶ 19}** "For the following reasons, Relator recommends that civil penalties not be issued in this case:

**{¶ 20}** "1. Relator's investigating counsel reports to the Board that he received an initial inquiry from counsel to an insurance company regarding Respondent's involvement as the presenter of a claim for injury to a minor arising out of a motor vehicle accident. Relator's Investigative counsel sought further information from the individuals upon whose behalf Respondent was allegedly functioning. Repeated contacts to those persons produced no response and no cooperation.

**{¶ 21}** "2. Relator's investigating counsel also presented inquiry to the Ohio Department of Insurance under whose authority Respondent exercised the privileges of a licensed Ohio Insurance Public Adjustor. The organization conducted its own confidential investigation and did not find any issues regarding

Respondent's conduct. The Department of Insurance did not sanction or penalize Respondent.

{¶ 22} "3. Counsel reviewed references to other matters described on Respondent's web site and found that Respondent's claims of expertise had been applied to matters in which he was involved as a party or where he was functioning in a non-litigation capacity, asserting claims arising under first party policies of insurance on property. These activities are within the scope of his authority as a licensed Ohio Public Insurance Adjustor.

{¶ 23} "4. Upon commencement of formal Discovery in the instant case, Respondent contacted counsel for Relator and timely responded to documentary discovery requests. Respondent promptly retained counsel who has confirmed that only one instance of representation of bodily injury claim has arguably occurred and that Respondent will cease and desist all other activities constituting the Unauthorized Practice of Law.

{¶ 24} "5. Respondent has also agreed to modify his company web site so that it explicitly states that he is not a lawyer and does not offer legal advice.

{¶ 25} "6. In view of Respondent's cooperative attitude, the lack of any discernible financial gain, and the absence of cooperation by the involved 'client,' Relator does not recommend the imposition of a Civil Penalty.

{¶ 26} "**Consent Decree**

{¶ 27} "Based upon the foregoing, the following decree is [entered]:

{¶ 28} "1. By negotiating claims for bodily injury and soliciting employment in the negotiation of claims for extra contractual damages in Ohio, Terry Sershion and his alter ego, Fiduciary One LLC, engaged in the unauthorized practice of law.

{¶ 29} "2. Terry Sershion and Fiduciary One LLC, its successors and assigns, officers, members, agents, representatives, and employees are

4

permanently enjoined from advertising, soliciting, or marketing advice regarding claims for personal injury.

**{¶ 30}** "3. Terry Sershion and Fiduciary One LLC, its successors and assigns, officers, members, agents, representatives, and employees are permanently enjoined from providing legal services or legal advice to Ohio residents or otherwise engaging in the unauthorized practice of law in the State of Ohio.

**{¶ 31}** "4. A civil penalty will not be imposed in this matter. Respondent to bear all costs."

**{¶ 32}** Costs are taxed to respondents.

So ordered.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Brian N. Stretcher, Albert T. Brown Jr., and Maria C. Palermo, for relator.

Montgomery, Rennie & Jonson, L.P.A., and George D. Jonson, for respondents.

_____