[Cite as *State v. Hennen*, 2012-Ohio-2278.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

TRACI A. HENNEN

    Appellant

C.A. No.    25903


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 10 10 2758

DECISION AND JOURNAL ENTRY

Dated: May 23, 2012

---

BELFANCE, Judge.

{¶1} Defendant-Appellant Traci Hennen appeals from the judgment of the Summit County Court of Common Pleas. For the reasons set forth below, we affirm.

I.

{¶2} In October 2010, Ms. Hennen was charged with multiple counts of driving under the influence of alcohol or drugs in violation of R.C. 4511.19: she was indicted for one count of violating R.C. 4511.19(A)(1)(a), a felony of the fourth degree, along with a related specification pursuant to R.C. 2941.1413, one count of violating R.C. 4511.19(A)(2), a felony of the fourth degree, along with a related specification pursuant to R.C. 2941.1413, and one count of violating R.C. 4511.19(A)(1)(f), a felony of the fourth degree, along with a related specification pursuant to R.C. 2941.1413.

{¶3} On February 23, 2011, Ms. Hennen entered a plea of guilty to count one (violating R.C. 4511.19(A)(1)(a)) and its accompanying specification. The remaining counts and

specifications were dismissed. The trial court sentenced Ms. Hennen to a total prison term of three years and also suspended her driver's license for life. Ms. Hennen has appealed, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE INDICTMENT FOR THE FELONY OVI OFFENSES AND THE SPECIFICATIONS UNDER O.R.C. []2941.1413 WERE STRUCTURALLY FLAWED BECAUSE THE INDICTMENT FAILED TO OUTLINE THE PRIOR CONVICTIONS WHICH SERVED AS UNDERLYING PREDICATE OFFENSES.

{¶4} Ms. Hennen asserts in her first assignment of error that her indictment was fatally defective because it did not include the details of her prior convictions and that such defect amounted to structural error.

{¶5} Ms. Hennen did not challenge the sufficiency of the indictment below. We have previously noted that the Ohio Supreme Court has held that a defendant waives any deficiency in the indictment by failing to object to the indictment and by pleading guilty to the offense. *See State v. Neal*, 9th Dist. Nos. 24392, 24398, 2009-Ohio-3170, ¶ 2-3, quoting *State v. Barton*, 108 Ohio St.3d 402, 2006-Ohio-1324, ¶ 73. Ms. Hennen pleaded guilty to the charges at issue. *See id.* at ¶ 3. Thus, Ms. Hennen has forfeited review of this issue on appeal. *See id*. at ¶ 2-3. Nonetheless, Ms. Hennen asserts that pursuant to *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, the omission constitutes structural error, and thus, this Court can consider her argument. We note that this Court has stated that "*Colon* did not overrule the longstanding waiver rules with regard to guilty pleas." (Internal quotations and citation omitted.) *Neal* at ¶ 4. Moreover, *Colon* was subsequently overruled in *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3803, paragraphs one and three of the syllabus. Thus, Ms. Hennen has forfeited the right to challenge

the sufficiency of the indictment. *Neal* at ¶ 4. Based on the foregoing, we overrule Ms. Hennen's first assignment of error.

## ASSIGNMENT OF ERROR II

APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶6} Ms. Hennen asserts in her second assignment of error that her trial counsel was ineffective for failing to challenge the sufficiency of the indictment pursuant to Crim.R. 12(C). Additionally, she seems to assert that her trial counsel was ineffective for failing to investigate whether Ms. Hennen's prior convictions were counseled and was ineffective for failing to make the State "provide evidence of the convictions to sustain its burden of proof prior to allowing [Ms. Hennen] to * * *[]" plead guilty.

{¶7} To prove an ineffective assistance claim, Ms. Hennen must show (1) that counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To demonstrate prejudice, Ms. Hennen "must demonstrate that there is a reasonable probability that, but for h[er] counsel's error, [s]he would not have pleaded guilty and would have insisted on going to trial." *State v. Evans,* 9th Dist. No. 09CA0049–M, 2010–Ohio–3545, ¶ 4.

{¶8} Ms. Hennen asserts the indictment is defective only because it fails to list the details of her prior convictions. Even assuming that the indictment was defective, Ms. Hennen's argument is predicated upon matters outside the record. Ms. Hennen has not pointed to evidence in the record to demonstrate that her trial counsel was unaware of the alleged defect when her trial counsel advised her concerning the guilty plea. Under the circumstances of this

case, Ms. Hennen cannot demonstrate that trial counsel's actions were anything other than strategic decisions. *See State v. Carter,* 72 Ohio St.3d 545, 558 (1995) ("Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel. To justify a finding of ineffective assistance of counsel, the appellant must overcome a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy."). It would not be implausible that trial counsel was aware of the alleged defect and nonetheless, because of the nature of the State's plea offer, still advised Ms. Hennen that it was in her best interests to accept the plea deal. Absent evidence to the contrary, we are not inclined to conclude Ms. Hennen's trial counsel's performance was deficient.

{¶9} Ms. Hennen's remaining arguments concerning ineffective assistance are that trial counsel was ineffective for failing to investigate whether Ms. Hennen's prior convictions were counseled and was ineffective for failing to make the State "provide evidence of the convictions to sustain its burden of proof prior to allowing [Ms. Hennen] to * * *[]" plead guilty.

{¶10} We note that there is nothing in the record to substantiate Ms. Hennen's allegation that trial counsel failed to investigate this issue, and, thus, in order to substantiate her assertion, Ms. Hennen would need to point to evidence outside the record. "[W]e cannot infer counsel's failure to investigate from a silent record; the burden of demonstrating ineffective assistance is on [the defendant]." *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 68. Thus, Ms. Hennen has failed to demonstrate that her trial counsel was deficient. *Id.*

{¶11} Finally, it seems that Ms. Hennen asserts that trial counsel was ineffective as trial counsel did not compel the State to provide evidence which would establish it could meet its burden of proof prior to allowing Ms. Hennen to plead guilty. Ms. Hennen has not cited to any

law or rule with which the State failed to comply, App.R. 16(A)(7), and, therefore, has not met her burden of establishing that her trial counsel was deficient in failing to require the State to produce the evidence. *See id.*; *see also State v. Nieves*, 9th Dist. No. 96CA006379, 1997 WL 89213, *3 (Feb. 26, 1997) (noting that Nieves' plea of guilty was a complete admission of guilt to the crimes charged, and thus, the State "was not required to 'prove' anything[]").

**{¶12}** In light of the foregoing, we overrule Ms. Hennen's second assignment of error.

### III.

**{¶13}** In light of the forgoing, we overrule Ms. Hennen's assignments of error and affirm the judgment of the Summit County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT

CARR, P. J.
DICKINSON, J.
CONCUR.

APPEARANCES:

CAROLYN KAYE RANKE and NANCY T. JAMIESON, Attorneys at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.