[Cite as *State v. Mose*, 2013-Ohio-635.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    11CA0083-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| GEORGE MOSE | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.    09-CR-0515 |

DECISION AND JOURNAL ENTRY

Dated: February 25, 2013

MOORE, Judge.

{¶1}    Defendant-Appellant, George Mose, appeals from his sentence and conviction as set forth in the January 7, 2011 judgment entry of the Medina County Court of Common Pleas. We affirm, in part, and vacate, in part.

I.

{¶2}    In November of 2009, Mr. Mose drove his Cadillac from Bradenton, Florida to Brunswick, Ohio, the hometown of Laura Mazzeo.  Mr. Mose and Mrs. Mazzeo had been having an affair which Mrs. Mazzeo ended in March of that same year.  Due to the break-up, Mr. Mose grew increasingly depressed and attempted to commit suicide on two occasions.  In addition, Mr. Mose disclosed to his roommates, Terence and Kathleen Sullivan, a plan to kill Mrs. Mazzeo and then commit suicide.  Mr. Mose's plan was to remove his license plate in order to disguise his car, drive to Ohio, arrive at Mrs. Mazzeo's home with birthday balloons hiding his face, strangle

her, leave a gift bag full of sentimental items next to her body for her husband, Russell Mazzeo, to find, and then either provoke the Brunswick police into shooting him or asphyxiate himself.

{¶3} Upon discovering that Mr. Mose failed to return home from work the previous evening, and that he left his license plate on the bed, the Sullivan's daughter, Erin Pardy, contacted the Brunswick Police Department regarding Mr. Mose's alleged plan to kill Mrs. Mazzeo. The Brunswick Police warned the Mazzeo family of this threat and located Mr. Mose at a nearby motel. In Mr. Mose's motel room, the police found a pocket knife, a gift bag containing photographs and other items, and balloons. During his conversation with the police, Mr. Mose broke down emotionally and consented to a psychological assessment, which ultimately led to his involuntary commitment at a mental health facility.

{¶4} A Medina County grand jury indicted Mr. Mose on two counts of attempted murder in violation of R.C. 2923.02(A) and R.C. 2903.02(A)/(B), felonies of the first degree, and one count of attempted aggravated burglary in violation of R.C. 2923.02(A) and R.C. 2911.11(A)(1), a felony of the second degree.

{¶5} Mr. Mose pleaded not guilty to all three counts, and the matter proceeded to a jury trial. Part way through trial, Mr. Mose entered into a plea agreement where he: (1) pleaded guilty to all three counts, (2) agreed never to return to the State of Ohio during his lifetime other than for parole requirements, and (3) agreed to have no future contact with the Mazzeo family. In exchange, the State recommended that counts 1 and 2 merge for sentencing purposes, and that count 3 run concurrently with count 1, for a total of three years' incarceration.

{¶6} The trial court accepted Mr. Mose's guilty pleas and sentenced him to three years of incarceration with credit for time served, banishment from the State of Ohio for his lifetime, and no future contact with the Mazzeo family.

{¶7}    Mr. Mose filed an application for a delayed appeal which this Court granted.  He now raises two assignments of error for our consideration.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED AS A MATTER OF LAW BY TAKING A PLEA FROM [MR. MOSE] INSOFAR AS THE COURT OF COMMON PLEAS LACKED SUBJECT MATTER JURISDICTION IN THE INSTANT CASE, PURSUANT TO OHIO CONST. ART. IV, [SECTION] 4(B); THEREFORE, THE JUDGMENT OF CONVICTION IS [] VOID AS A MATTER OF LAW.

{¶8}    In his first assignment of error, Mr. Mose argues that the trial court lacked subject matter jurisdiction to accept his guilty pleas because his actions did not constitute an "attempt" to commit murder or burglary, and the State presented inconsistent theories of the case to the jury. We disagree.

{¶9}    It is well settled that "[t]he Court of Common Pleas is, by [R.C. 2931.03], given original jurisdiction in felony cases. The felony jurisdiction is invoked by the return of a proper indictment by the grand jury of the county." *Click v. Eckle*, 174 Ohio St. 88, 89 (1962).  Here, the Medina County grand jury returned an indictment against Mr. Mose for two counts of attempted murder and one count of attempted aggravated burglary.  As part of his plea agreement, Mr. Mose pleaded guilty to all three counts.  However, Mr. Mose now tries to attack the sufficiency of the indictment by arguing that attempt is not an indictable offense.

{¶10}    "We have previously noted that the Ohio Supreme Court has held that a defendant waives any deficiency in the indictment by failing to object to the indictment and by pleading guilty to the offense." *State v. Hennen*, 9th Dist. No. 25903, 2012-Ohio-2278, ¶ 5, citing *State v. Neal*, 9th Dist. Nos. 24392, 24398, 2009-Ohio-3170, ¶ 2-3, quoting *State v. Barton*, 108 Ohio St.3d 402, 2006-Ohio-1324, ¶ 73.  The record indicates that Mr. Mose did not challenge the

sufficiency of the indictment below and pleaded guilty to all counts. Thus, Mr. Mose forfeited review of this issue on appeal. *See Hennen* at ¶ 5.

{¶11} Additionally, Mr. Mose's argument that the State did not prove that he took a substantial step toward completing the crimes of attempted murder and attempted aggravated burglary also fails because he has waived the issue of sufficiency on appeal by pleading guilty to the charges. *State v. Niepsuj*, 9th Dist. No. 23929, 2008-Ohio-1050, ¶ 7.

{¶12} Mr. Mose's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT PROVIDING [MR. MOSE] WITH THE PROPER POST RELEASE CONTROL [PRC] TERMS IN THE SENTENCE.

{¶13} In his second assignment of error, Mr. Mose argues that his sentence is void because the trial court did not comply with the requirements set forth in R.C. 2967.28 when instructing him regarding the terms of his post release control. Further, Mr. Mose contends that his sentence is void because it "impermissibly prevents him from entering the [S]tate of Ohio, at any point after his release from prison, until his death."

{¶14} First, regarding PRC, we note that although Mr. Mose contends that the trial court failed to comply with R.C. 2967.28, he does not disclose the manner in which the trial court allegedly erred. App.R. 16(A)(7) states, in pertinent part, that an appellant's brief must include, "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Further, it is well settled that "[a]ppellants have the burden of affirmatively demonstrating error on appeal." *Sherlock v. Myers*, 9th Dist. No. 22071, 2004-Ohio-5178, ¶ 4. "Where an appellant fails to cite to any law

supporting their assignments of error, it is not this [C]ourt's duty to create an argument for them." *Id.* at ¶ 4, citing *Cardone v. Cardone*, 9th Dist. No. 18349, 1998 WL 224934, *8 (May 6, 1998). Here, Mr. Mose cites to applicable law, but fails to identify any alleged deficiencies in the trial court's colloquy. *See* App.R. 16(A)(7). While we decline to create Mr. Mose's legal arguments on appeal, we have reviewed the record below and find no error in the trial court's notification regarding post release control.

{¶15} Second, we agree that Mr. Mose's lifelong banishment from the State of Ohio is contrary to law. In its journal entry, the trial court ordered that Mr. Mose "is prohibited from being in the State of Ohio except as required by the Ohio Parole Authority for the rest of his natural life." In *State v. Jerido*, 5th Dist. No. 1997CA00265, 1998 WL 400919, *1 (May 26, 1998), the Fifth District Court of Appeals concluded that the appellant's banishment from Stark County was contrary to law, stating "[s]ince the banishment of a defendant, as part of a sentence in a criminal matter, is not set forth as a permissible penalty under R.C. 2929.21, the trial court erred and exceeded its authority[.]" While we understand that Mr. Mose agreed to this sanction, the trial court was without authority to impose a punishment which is not authorized by statute. As such, we must vacate only that portion of Mr. Mose's sentence.

{¶16} Mr. Mose's second assignment of error is sustained, in part, and overruled, in part.

### III.

{¶17} In overruling Mr. Mose's first assignment of error, and sustaining, in part, Mr. Mose's second assignment of error, we vacate only that portion of the judgment banishing Mr. Mose from the State of Ohio, and affirm the remainder of the judgment of the Medina County Court of Common Pleas.

Judgment affirmed in part,
and vacated in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

RUSSELL A. BUZZELLI, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.