DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant, Vincent Niepsuj, appeals the judgment of the Summit County Court of Common Pleas that dismissed his petition for postconviction relief. We affirm.
 {¶ 2} Defendant pled guilty to charges of menacing by stalking, a violation of R.C. 2903.211(A), and violating a protection order, a violation of R.C. 2919.27. The trial court sentenced him to consecutive prison terms of fifteen and six months, respectively. Defendant did not appeal his conviction or sentence to this Court. On April 9, 2007, Defendant filed a timely petition for postconviction *Page 2 
relief with the trial court. The trial court denied his petition, and this appeal followed.
 ASSIGNMENT OF ERROR I "The trial court abused its discretion by denying post-conviction relief from [Defendant's] conviction of violating an approved R.C. 3113.31
Consent CPO, without such court actually treating the argument supplied in Ground 1 and Statement of the Case concerning Magistrate Klechner's non-existing oath of office as should inform the validity of Appellant's conviction."
 ASSIGNMENT OF ERROR II "The trial court abused its discretion by denying post-conviction relief from [Defendant's] conviction of menacing by stalking, without actually responding to the discussion supplied in Ground 2 concerning any element of aggravation, sufficient to make such conviction of a felonious (vs. misdemeanor) nature."
 {¶ 3} Defendant maintains on appeal that the trial court erred by dismissing his petition for postconviction relief. We disagree.
 {¶ 4} After setting forth a summary of the history of Defendant's domestic relations matters involving his wife and minor children of approximately twenty pages in length, Defendant's petition for postconviction relief appeared to assert two grounds for relief: (1) that a magistrate who heard a portion of Defendant's domestic relations case in 2001 had not taken an oath of office; and (2) that his conviction for menacing by stalking is not supported by sufficient evidence. Assuming that Defendant's petition sets forth constitutional claims, the trial court did not err by denying his petition without a hearing. *Page 3 
 {¶ 5} This Court reviews a trial court's resolution of a petition for postconviction relief for an abuse of discretion. State v.Stallings, 9th Dist. No. 21969, 2004-Ohio-4571, at ¶ 5. Under this standard, we must determine whether the trial court's decision was arbitrary, unreasonable, or unconscionable — not merely an error of law or judgment. See State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 6} R.C. 2953.21(A)(1)(a) provides:
 "Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief."
Unless a petitioner establishes that there are substantive grounds for relief with reference to the petition, supporting affidavits, and the records in the case, a petition for postconviction relief may be denied without an evidentiary hearing. State v. Calhoun (1999),86 Ohio St.3d 279, paragraph two of the syllabus.
 {¶ 7} A defendant who enters a knowing, voluntary, and intelligent guilty plea waives all nonjurisdictional defects for the purpose of future proceedings. State v. Fitzpatrick, 102 Ohio St.3d 321,2004-Ohio-3167, at ¶ 78. The waiver is effective both for direct appeal and collateral attack of a conviction. See, e.g., State v.Woodhouse, 6th Dist. No. S-04-004, 2004-Ohio-6160, at ¶ 16; Statev. *Page 4 Idowu, 1st Dist. No. C-010646, 2002-Ohio-3302, at ¶ 25-26, holding abrogated on other grounds, State v. Bush (2002), 96 Ohio St.3d 235,2002-Ohio-3993. Defendant waived his right to challenge the sufficiency of the evidence underlying his conviction by pleading guilty, and the trial court properly dismissed his petition on that basis.
 {¶ 8} The trial court also properly denied his petition with respect to his claim that the magistrate in his previous domestic relations case was not properly sworn. As the trial court observed, the only evidence in the record on this claim are two nunc pro tunc journal entries that appoint domestic relations court magistrates. Defendant has not demonstrated a substantive ground for relief on this claim.
 {¶ 9} The trial court did not err by dismissing Defendant's petition for postconviction relief without a hearing. Defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into *Page 5 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 CARR, P. J. MOORE, J. CONCUR *Page 1