DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Ronald Phillips, Jr., appeals from his major drug offender specification and sentence in the Summit County Court of Common Pleas. This Court affirms.
 I {¶ 2} Akron Police arrested Phillips on November 22, 2005 after conducting a controlled delivery involving approximately 342 grams of methamphetamine. On December 5, 2005, the grand jury indicted Phillips on the following counts: (1) aggravated possession of drugs, pursuant to R.C. 2925.11(A); (2) aggravated trafficking in drugs, pursuant to R.C. 2925.03(A)(2), with a major drug offender specification, pursuant to R.C. 2941.1410; and (3) conspiracy to commit aggravated trafficking, pursuant to R.C. 2925.03(A)(2) and R.C. 2923.01(A)(1)/(2), with a major drug offender specification, pursuant to R.C. 2941.1410. On December 22, 2005, the grand jury returned a supplemental indictment charging the following additional counts: (1) aggravated possession of drugs, pursuant to R.C. 2925.11(A); and (2) *Page 2 
possession of marijuana, pursuant to R.C. 2925.11(A). Finally, on May 1, 2006, the grand jury returned a second supplemental indictment charging Phillips with complicity to commit aggravated trafficking in drugs in violation of R.C. 2923.01, pursuant to R.C. 2925.03(A)(2) and R.C. 2923.03(A)(2)/(3), with a major drug offender specification.
 {¶ 3} Phillips initially pled not guilty to all of the foregoing charges, but changed his plea before trial. On December 13, 2006, Phillips came before the trial court with his trial counsel for a plea and sentencing hearing. Phillips signed a "written plea of guilty" in which he pled to the following charges: (1) two counts of aggravated possession, pursuant to R.C. 2925.11(A); (2) possession of marijuana, pursuant to R.C. 2925.11(A); and (3) complicity to commit trafficking, pursuant to R.C. 2925.03(A)(2) and R.C. 2923.03(A)(2)/(3), with a major drug offender specification, pursuant to R.C. 2941.1410. The trial court dismissed the remaining charges against Phillips and sentenced him to a total of eleven years in prison. Phillips appeals from the trial court's judgment and raises two assignments of error for our review. For ease of analysis, we consolidate the assignments of error.
 II Assignment of Error Number One "THE TRIAL COURT ERRED WHEN IT FOUND APPELLANT TO BE A MAJOR DRUG OFFENDER BECAUSE THE STATUTORY ELEMENTS WERE NOT SATISFIED."
 Assignment of Error Number Two "THE COURT'S IMPOSITION OF THE MAJOR DRUG OFFENDER SENTENCE IS VOID[.]"
 {¶ 4} In his first assignment of error, Phillips argues that the trial court erred in finding him to be a major drug offender, pursuant to R.C. 2941.1410. In his second assignment of error, *Page 3 
Phillips argues that the trial court's error on the specification makes his sentence void as a matter of law. We disagree.
 {¶ 5} Phillips argues that the trial court should have dismissed his major drug offender specification because R.C. 2929.01(X)'s definition of the term "major drug offender" does not include a person who violates R.C. 2925.03(A)(2) by preparing for shipment, shipping, preparing for distribution, distributing, transporting, and delivering a controlled substance. He also argues that once this Court determines that the trial court erred in imposing a major drug offender specification upon him, his sentence must be vacated. The record reflects, however, that Phillips waived both of these arguments by pleading guilty in the court below.
 {¶ 6} Crim. R. 11(B)(1) provides that a "plea of guilty is a complete admission of the defendant's guilt." "A defendant who enters a knowing, voluntary, and intelligent guilty plea waives all nonjurisdictional defects for the purpose of future proceedings." State v. Niepsuj, 9th Dist. No. 23929, 2008-Ohio-1050, at ¶ 7, citing State v.Fitzpatrick, 102 Ohio St.3d 321, 2004-Ohio-3167, at ¶ 78. This includes the right to challenge the sufficiency of the evidence underlying the conviction to which he pled guilty. Niepsuj at ¶ 7.
 {¶ 7} During the December 13, 2006 plea and sentencing hearing, the court outlined all the rights that Phillips would be waiving by agreeing to enter a guilty plea. The trial court asked Phillips if he wished to "admit to four counts with the major drug offender specification appended to one," and Phillips indicated that he did. The trial court then went through each count and discussed the sentencing ranges for each count, including the major drug offender specification. Phillips indicated that he understood that the court could impose "anywhere from one to ten years" for the specification. Accordingly, the record reflects that Phillips understood *Page 4 
all his rights and the consequences of foregoing those rights, but still expressed his desire to enter a guilty plea.
 {¶ 8} We must acknowledge that when Phillips's plea colloquy progressed to the point at which the trial court asked him for his plea as to each individual count, the prosecutor stopped the court from accepting Phillips's plea on the specification. The following exchange took place on the record:
 "THE COURT: How do you plead to the specification appended to this count; namely, that you are a major drug offender?
 "[PROSECUTOR]: Your Honor, I don't think that requires a plea. It's just a finding.
 "THE COURT: You're quite right. It's the Court's finding. It's the Court's finding by your plea to [complicity to commit trafficking], and I make the finding, and by definition, and by what I know about this case, I will make the finding that you are a major drug offender. And now with that finding then, be reminded what I told you about the additional years that could be added by the Court when making that finding."
Initially, we note that there was nothing to prevent the trial court from accepting Phillips's plea on the major drug offender specification. See, e.g. State v. Cook, 9th Dist. No. 24058, 2008-Ohio-4841 (noting defendant pled guilty to firearm specifications); State v. Coleman, 9th Dist. No. 05CA0074-M, 2006-Ohio-5363 (noting defendant pled no contest to major drug offender specification). Moreover, the fact that the court did not ask for Phillips's plea on the specification itself after the prosecutor's interjection has no bearing on our determination that Phillips pled guilty and waived his right to contest the specification.
 {¶ 9} Apart from the fact that Phillips indicated his willingness to plead guilty to the major drug offender specification earlier in his plea hearing, he also signed a "written plea of guilty." The written plea listed the major drug offender specification as one of the "offense[s]/specification[s]" to which Phillips agreed to plead guilty. The written plea contained *Page 5 
the potential sentence range for the specification and all of the rights that Phillips would be waiving by entering into the agreement. The written plea also contained a sentencing recommendation from the prosecutor, which the prosecutor acknowledged and referred to at the plea/sentencing hearing as "an agreed sentence." Thus, Phillips's written plea agreement further evinces his knowing, voluntary, and intelligent plea to the charges, including his major drug offender specification.
 {¶ 10} Because Phillips waived his right to challenge the sufficiency of his major drug offender specification by pleading guilty in the court below, his assignments of error lack merit. See Niepsuj at ¶ 7.
 III {¶ 11} Phillips's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is *Page 6 
instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. Costs taxed to Appellant.
 SLABY, J., CARR, P.J., CONCUR *Page 1