[Cite as *State v. Allen*, 2017-Ohio-2831.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

     Appellee

v.

TERRANCE ALLEN

     Appellant

C.A. No.     27494
                28213

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR 2013 01 0276 (A)

DECISION AND JOURNAL ENTRY

Dated: May 17, 2017

---

CALLAHAN, Judge.

{¶1} Defendant-Appellant, Terrance Allen, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2013, Allen's four-year-old son tragically shot himself in the head while riding in the backseat of Allen's car. When the police initially spoke with Allen, he claimed that there was no gun in the car. The police later found the gun the victim had used under the passenger's seat of the car, tucked behind several items. The police learned that Allen was under disability, but, a year earlier, had convinced a woman with whom he was having a sexual relationship to purchase the gun and give it to him, such that it was registered in her name. It is undisputed that the victim was playing with the gun in Allen's house the week before he shot himself. Allen's wife, his son, and his step-son were temporarily living with him, despite the fact that his wife had obtained a protection order against him.

{¶3}     A grand jury indicted Allen on charges of involuntary manslaughter, with child endangering as its predicate offense; tampering with evidence; child endangering; having a weapon under disability; and violating a protection order.  Following a period of discovery, Allen retracted his initial plea and signed a written guilty plea.  The plea agreement provided that the State would dismiss the charges of tampering with evidence and child endangering in exchange for Allen pleading guilty to his three remaining charges.  It also provided that the State would not make a sentencing recommendation, but that both sides would present arguments after reviewing the pre-sentence investigation report.  The court ultimately accepted Allen's guilty plea and imposed an eight-year prison sentence.

{¶4}     Subsequently, Allen, acting pro se, attempted to file two delayed appeals from his judgment of conviction.  Because his filings were procedurally defective, however, this Court denied his motions for delayed appeal.  *See State v. Allen*, 9th Dist. Summit No. 27111 (Oct. 29, 2013); *State v. Allen*, 9th Dist. Summit No. 27254 (Mar. 19, 2014).  Allen then filed a motion to withdraw his guilty plea, and the State opposed the motion.  The trial court denied Allen's motion, but Allen did not initially appeal from the denial.

{¶5}     Following the denial of his motion to withdraw, Allen once again sought to appeal from his original judgment of conviction.  This Court granted his motion for delayed appeal and appointed him appellate counsel, but his counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and sought to withdraw from representation.  Allen then responded with a pro se brief on the merits, and the State responded in opposition.  Upon review, this Court determined that arguable issues for appeal existed.  As such, this Court granted first appointed counsel's motion to withdraw and appointed Allen new counsel.

{¶6} Allen's newly appointed counsel filed another motion for delayed appeal, seeking to challenge the trial court's denial of Allen's motion to withdraw his plea. This Court granted the motion for delayed appeal and ordered Allen's two appeals consolidated for purposes of briefing and decision. *See State v. Allen*, 9th Dist. Summit Nos. 27494 & 28213 (May 20, 2016).

{¶7} Allen's appeals are now before this Court and raise six assignments of error for our review. For ease of analysis, this Court rearranges and consolidates several of the assignments of error.

II.

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S GUILTY PLEAS BECAUSE THEY WERE NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY ENTERED.

### ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED IN DENYING THE PRO SE MOTION TO WITHDRAW THE GUILTY PLEAS[.]

{¶8} In his second and third assignments of error, Allen argues that the trial court erred by accepting his plea and denying his motion to withdraw it. He argues that he did not knowingly, voluntarily, and intelligently enter his plea because the trial court failed to properly explain the nature of his charges and his appellate rights. He further argues that the court abused its discretion when it summarily denied his pro se motion to withdraw, given that the court had repeatedly refused to appoint him counsel. Upon review, this Court concludes that Allen's second and third assignments of error are meritless.

{¶9} "'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'"

*State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "To determine whether a plea is being made knowingly, intelligently, and voluntarily, the court must conduct a colloquy with the defendant before accepting a guilty plea in a felony case." *State v. Stoddard*, 9th Dist. Summit No. 26663, 2013-Ohio-4896, ¶ 5.

{¶10} Under Crim.R. 11(C)(2)(a), a trial court must "[d]etermin[e] that [a] defendant is making [his] plea voluntarily, with understanding of the nature of the charges * * *." The subsection sets forth "nonconstitutional notifications, [so] substantial compliance by a trial court during a plea colloquy is sufficient." *State v. Jordan*, 9th Dist. Summit No. 27690, 2015-Ohio-4354, ¶ 5, citing *Veney* at ¶ 15. "'Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.'" *State v. Rusu*, 9th Dist. Summit No. 25597, 2012-Ohio-2613, ¶ 6, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). "[A] defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. The test is whether the plea would have otherwise been made." (Internal citations omitted.) *Nero* at 108.

{¶11} Allen argues that the trial court failed to substantially comply with Crim.R. 11(C)(2)(a) during his plea colloquy because it did not fairly inform him of the nature of his charges. He notes that the court told him his child endangering charge was being dismissed, but then nonetheless required him to admit that he caused his son's death "as a result of committing the offense of endangering a child." He alleges, absent further elaboration, the court's explanation of the charges was inadequate.

{¶12} The record does not support Allen's contention that he was not adequately informed of the nature of his charges. Allen's written plea agreement specified that he agreed to

plead guilty to three charges, including involuntary manslaughter, in exchange for the State dismissing two charges, including child endangering. The agreement provided that he had read the agreement, understood it, and understood "the nature of [his] charges and the possible defenses [he] might have." It further provided that, by pleading guilty to the three enumerated charges, he "admit[ted] committing the offense(s) and [would] tell the Court the facts and circumstances of [his] guilt." Both Allen and his attorney signed the agreement.

{¶13} During the plea colloquy, the prosecutor outlined the plea agreement, and defense counsel confirmed that (1) he had "gone over the plea agreement, every word of it, every inch of it" with Allen, and (2) Allen's plea was "being made knowingly, voluntarily and intelligently * * * after consultation with counsel * * *." The trial court then confirmed with Allen that he understood the plea as well as the original charges against him. After Allen affirmatively responded to all of the court's questions, the court found that he understood the nature of the charges against him. The court stated:

> So here on the 23rd day of January, it's alleged that you did cause the child's death as a result of committing the offense of endangering a child.
>
> With those thoughts in mind, [Allen], how do you plead to involuntary manslaughter?

Allen then responded that he was guilty, and the court proceeded to ask him about his two other charges.

{¶14} Allen has not shown that the trial court failed to substantially comply with Crim.R. 11(C)(2)(a). As noted, the State agreed to dismiss Allen's child endangering charge in exchange for his guilty plea. Because child endangering was the predicate offense for his involuntary manslaughter charge, however, Allen was still required to admit, as part of that charge, that he caused his son's death as a result of having committed the offense of child

endangering. There is no indication in the record that Allen failed to appreciate the nature of his involuntary manslaughter charge. Moreover, even assuming he did, he has not set forth any argument that, had he possessed a better understanding of his charges, he would not have pleaded guilty. *See Nero*, 56 Ohio St.3d at 108. We, therefore, reject his argument that his plea is invalid because the trial court failed to substantially comply with Crim.R. 11(C)(2)(a).

**{¶15}** Allen also argues that his plea is invalid because the trial court failed to properly advise him of his appellate rights when he entered into it. This Court has held, however, "that '[t]he trial court's duty to advise a defendant of his right to appeal[] does not arise until sentencing and, therefore, has no effect upon whether the defendant's guilty plea was entered knowingly, voluntarily, and intelligently.'" (Alterations sic.) *Jordan*, 2015-Ohio-4354, at ¶ 6, quoting *State v. Meredith*, 9th Dist. Summit No. 25198, 2011-Ohio-1517, ¶ 6. Allen attempts to distinguish the foregoing case law on the basis that, here, the trial court did broach the subject of his appellate rights at the plea hearing, but mistakenly told him he had no right to appeal. According to Allen, once a trial court decides to discuss appellate rights at a plea hearing, it must do so "with substantial accuracy."

**{¶16}** Allen fails to cite any case law in support of his substantial accuracy argument. *See* App.R. 16(A)(7). Even assuming that he is correct, however, he still has not explained how the trial court's error, if any, prejudiced him. *See Nero* at 108. He has not claimed that, had he better understood his appellate rights, he would have chosen to go to trial. *See* App.R. 16(A)(7). Nor has he shown that the court's statements actually deprived him of his appellate rights, given that his two appeals are currently before this Court for a merits review. Absent a showing of prejudice, this Court rejects Allen's argument. *See* Crim.R. 52(A).

{¶17} Finally, Allen argues that the trial court abused its discretion when it denied his post-sentence motion to withdraw his plea. "A defendant filing a post-sentence motion to withdraw a guilty plea 'has the burden of establishing the existence of manifest injustice.'" *State v. Robinson*, 9th Dist. Summit No. 28065, 2016-Ohio-844, ¶ 11, quoting *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. "Under the manifest injustice standard, a post-sentence 'withdrawal motion is allowable only in extraordinary cases.'" *State v. Brown*, 9th Dist. Summit No. 24831, 2010-Ohio-2328, ¶ 9, quoting *Smith* at 264.

{¶18} The only basis upon which Allen sought to withdraw his plea was that the trial court failed to inquire about his citizenship status at his plea hearing. The trial court rejected Allen's motion because (1) he failed to set forth evidence that he was not, in fact, a United States citizen; (2) he failed to attach the transcript from his plea hearing; and (3) his argument was barred by res judicata, as it could have been raised on direct appeal. Allen argues that the court's decision amounted to an abuse of discretion because he had to file his motion without the benefit of counsel. He notes that the trial court repeatedly rejected his post-sentence requests for counsel. Had he been appointed counsel, Allen argues, he could have secured a transcript of the plea hearing and amended his motion to withdraw so as to include other meritorious arguments.

{¶19} The transcript from the plea hearing shows that the trial court did, in fact, confirm Allen's United States citizenship. Accordingly, Allen's motion to withdraw lacked merit, and the trial court properly denied it; albeit for a different reason. *See State v. Calise*, 9th Dist. Summit No. 26027, 2012-Ohio-4797, ¶ 42. To the extent Allen argues that the trial court erred by denying his motions for appointed counsel, he has not separately assigned that argument as error. As such, we decline to address it. *See, e.g., State v. Bravo*, 9th Dist. Summit No. 27881, 2017-Ohio-272, ¶ 26. Allen's second and third assignments of error are overruled.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT COMMITTED PLAIN ERROR AND DENIED DUE PROCESS BY CONVICTING MR. ALLEN OF INVOLUNTARY MANSLAUGHTER AFTER THE PREDICATE OFFENSE FOR THAT CHARGE WAS DISMISSED BY NEGOTIATED PLEA. THE CONVICTION WAS ALSO A MATERIAL BREACH OF THE BARGAINED PLEA TO MR. ALLEN'S PREJUDICE.

{¶20} In his first assignment of error, Allen argues that the trial court committed plain error when it convicted him of involuntary manslaughter in the absence of a predicate offense. He further argues that his conviction on the involuntary manslaughter charge amounted to a breach of his plea agreement. This Court rejects both propositions.

{¶21} As previously noted, a portion of Allen's plea agreement provided that the State would dismiss his child endangering charge in exchange for his pleading guilty to involuntary manslaughter. There is no dispute that the child endangering charge served as the predicate offense for the involuntary manslaughter charge. Consequently, when pleading guilty to involuntary manslaughter, Allen was required to admit that he caused his son's death as a result of committing the offense of child endangering. He was not, however, convicted of child endangering. Consistent with his plea agreement, the court dismissed that charge.

{¶22} Allen requests that this Court vacate his conviction for involuntary manslaughter. He argues that the trial court could not convict him of involuntary manslaughter in the absence of its predicate offense (i.e., child endangering). Without the predicate offense, Allen argues, there was insufficient evidence to support the involuntary manslaughter charge. He further claims that the court must have relied on the child endangering count to support his involuntary manslaughter conviction, so the child endangering count was not dismissed in its entirety. Because his plea agreement provided that the child endangering count would be dismissed in its

entirety, he asserts that his involuntary manslaughter conviction amounts to a breach of his plea agreement.

**{¶23}** This Court has held that "'[a] defendant who enters a knowing, voluntary, and intelligent guilty plea waives all nonjurisdictional defects for the purpose of future proceedings[,]' * * * includ[ing] the right to challenge the sufficiency of the evidence underlying the conviction to which he pled guilty." *State v. Phillips*, 9th Dist. Summit No. 24198, 2008-Ohio-6795, ¶ 6, quoting *State v. Niepsuj*, 9th Dist. Summit No. 23929, 2008-Ohio-1050, ¶ 7. Allen's argument here does not concern the knowing, voluntary, or intelligent nature of his plea. Instead, he attacks the validity of his manslaughter conviction on the basis that it is legally flawed. Allen fails to explain how his argument is exempt from the general rule that guilty pleas waive all nonjurisdictional defects. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). His brief merely cites the plain error standard and presupposes that his argument is properly before this Court. Moreover, even assuming he did not waive his argument by pleading guilty, Allen has not shown that it has merit.

**{¶24}** Both the United States Supreme Court and the Ohio Supreme Court have recognized that a conviction on a compound offense may stand although a jury acquits on its predicate offense. *State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, ¶ 81, quoting *United States v. Powell*, 469 U.S. 57, 65 (1984). Allen has not explained why a different rule should apply in the context of plea bargains. *See* App.R. 16(A)(7); *Cardone* at *8. Although he did not plead guilty to child endangering, he was indicted on that charge and admitted to the conduct underlying it for the sole purpose of pleading guilty to involuntary manslaughter. Thus, this is not an instance where the State failed to present any legally adequate predicate offense to support the compound offense. *Compare State v. Adkins*, 136 Ohio App.3d 765, 783 (3d Dist.2000).

Absent any further argument or supporting case law from Allen, this Court will not conclude that the involuntary manslaughter portion of his plea is invalid. *See* App.R. 16(A)(7); *Cardone* at *8.

**{¶25}** This Court also rejects Allen's argument that his conviction for involuntary manslaughter amounts to a breach of his plea agreement. Allen was not convicted of child endangering. Although he was required to admit to the conduct underlying that charge, no child endangering conviction ensued. The trial court dismissed that charge, consistent with the terms of Allen's plea agreement. Thus, Allen has not shown that a breach occurred. Allen's first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 4

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT IMPOSED
SENTENCE UPON MR. ALLEN FOR INVOLUNTARY MANSLAUGHTER[.]

**{¶26}** In his fifth assignment of error, Allen argues that the trial court erred when it sentenced him to serve eight years in prison on his involuntary manslaughter conviction. This Court disagrees.

**{¶27}** In reviewing a felony sentence, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes," or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶28}** Allen argues that his eight-year sentence is contrary to law because the trial court (1) could not legally sentence him on a count that was not supported by a predicate offense, and

(2) failed to follow the dictates of R.C. 2929.11 in fashioning his sentence.[1]  With regard to the latter proposition, he argues that the court neglected to impose upon him the minimum sanction necessary to achieve the principles and purposes of felony sentencing.

{¶29}  As previously discussed, Allen has failed to demonstrate that his involuntary manslaughter conviction is legally unsound due to the trial court's having dismissed the predicate offense underlying it.  As such, this Court rejects his related argument that the trial court could not sentence him on that offense.

{¶30}  As to Allen's statutory argument, R.C. 2929.11(A) directs sentencing courts to be "guided by the overriding purposes of felony sentencing."  It defines those purposes as the need "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources."  R.C. 2929.11(A).  "'[W]here the trial court does not put on the record its consideration of [R.C.] 2929.11 * * *, it is presumed that the trial court gave proper consideration to [the] statute[].'"  *State v. Steidl*, 9th Dist. Medina No. 10CA0025-M, 2011-Ohio-2320, ¶ 13, quoting *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 18, fn. 4, *abrogated on other grounds*, *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002.

{¶31}  Upon review, the record does not support Allen's contention that the trial court failed to consider R.C. 2929.11 when it sentenced him.  Allen's sentencing entry specifically provides that the court considered the principles and purposes of sentencing set forth in R.C. 2929.11.  During the sentencing hearing, the court also repeatedly stated that it was considering

---

[1] Although Allen's argument is replete with citations to R.C. 2929.12, the merits of his argument relate to R.C. 2929.11.

those principles and purposes. The court noted that Allen was under a disability when he manipulated another individual to purchase a gun on his behalf. The court further noted that, even after Allen became aware that his four-year old son had been playing with the gun, he failed to take measures to properly store and secure it such that his son could no longer gain access to it. The court drew attention to the fact that Allen had refused to take responsibility for the gun, telling the police that there was no gun in his car and hiding it under the front passenger's seat. The court concluded that a sentence in excess of the minimum was necessary to protect the public from Allen, to deter similar conduct, and to punish him for his behavior. Thus, the record reflects that the trial court considered R.C. 2929.11 in fashioning Allen's sentence. Allen's fourth assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 5

THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT CONCURRENTLY SENTENCED MR. ALLEN TO ALLIED OFFENSES OF SIMILAR IMPORT[.]

{¶32} In his fifth assignment of error, Allen argues that the trial court erred when it sentenced him to allied offenses of similar import. Specifically, he argues that his convictions for involuntary manslaughter and having a weapon under disability should have merged. This Court does not agree.

{¶33} The failure to timely assert an allied offenses objection limits appellate review of that issue to plain error. *State v. Dodson*, 9th Dist. Medina No. 16CA0020-M, 2017-Ohio-350, ¶ 10, quoting *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 3. To demonstrate plain error, "an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus * * *." *Rogers* at ¶ 3. "[A] defendant whose conduct supports multiple offenses may be

convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, paragraph three of the syllabus.

**{¶34}** During the sentencing hearing, the prosecutor informed the court that Allen had procured the gun at issue in this case the year before his son's tragic death. The prosecutor described how Allen went to a sporting goods store with a woman with whom he was having a sexual relationship. Believing that Allen meant to teach her to use the gun, the woman bought the gun using Allen's money. Allen then kept the gun, even though it was registered in the woman's name and he was under a disability. The prosecutor described how Allen's son found the gun in Allen's home the week before he died. At that time, Allen's wife informed him that she did not want a gun in the house, and he assured her that the gun was gone and no longer in the house. Nevertheless, one week later, their son found the gun and shot himself with it.

**{¶35}** Allen argues that his convictions for involuntary manslaughter and having a weapon under disability are allied offenses of similar import because they both resulted in a single instance of harm involving the same victim. Allen has not shown, however, that the State relied on the same conduct to support both offenses. *See Ruff* at paragraph three of the syllabus; *State v. Webb*, 9th Dist. Summit No. 27424, 2015-Ohio-2380, ¶ 32. It was the State's position that Allen procured a gun well before he caused his son's death by not securing it. The fact that Allen had the gun at all while under disability was sufficient conduct to support that offense. His later failure to secure the gun and to allow his son access to it amounted to separate conduct. Thus, he has not met his plain error burden. *See Rogers* at ¶ 3 (accused must demonstrate a

reasonable probability that his convictions are for allied offenses of similar import committed with the same conduct). Allen's fifth assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. 6**

MR. ALLEN WAS DENIED FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL[.]

{¶36} In his sixth assignment of error, Allen argues that he received ineffective assistance of counsel. He argues that his trial counsel failed to (1) seek an acquittal on his involuntary manslaughter count, which lacked a predicate offense; (2) file a motion to suppress; and (3) object on the basis of spousal privilege when Allen's wife made statements at his sentencing hearing. For the reasons outlined below, this Court rejects Allen's assignment of error.

{¶37} As previously noted, "'[a] defendant who enters a knowing, voluntary, and intelligent guilty plea waives all nonjurisdictional defects for the purpose of future proceedings.'" *Phillips*, 2008-Ohio-6795, at ¶ 6, quoting *Niepsuj*, 2008-Ohio-1050, at ¶ 7. A guilty plea "'represents a break in the chain of events that preceded it in the criminal process,'" such that a defendant cannot then "'challenge the propriety of any action taken by a trial court or trial counsel prior to that point in the proceedings unless it affected the knowing and voluntary character of the plea.'" *State v. Franco*, 9th Dist. Medina No. 07CA0090-M, 2008-Ohio-4651, ¶ 28, quoting *State v. Gegia*, 157 Ohio App.3d 112, 2004-Ohio-2124, ¶ 18 (9th Dist.).

{¶38} Allen once again fails to explain why, by pleading guilty, he has not waived at least a portion of his ineffective assistance argument. *See* App.R. 16(A)(7). Any error his counsel might have committed by not filing either a motion for acquittal or a motion to suppress would have occurred before the trial court accepted Allen's guilty plea. Thus, Allen waived those errors unless they "'affected the knowing and voluntary character of [his] plea.'" *See*

*Franco* at ¶ 28, quoting *Gegia* at ¶ 18. He makes no argument that his counsel's alleged failure to seek an acquittal affected the knowing and voluntary character of his plea, and his brief only contains a blanket statement that his counsel's failure to file a motion to suppress "would necessarily affect the knowing and voluntary nature of his pleas." Moreover, in his reply brief, Allen did not respond to the State's assertion that he waived his ineffective assistance arguments by pleading guilty. Because Allen has not shown that the two errors his counsel allegedly committed before he pleaded guilty affected his plea, this Court concludes that Allen's plea resulted in a waiver of those arguments. *See Franco* at ¶ 28, quoting *Gegia* at ¶ 18. *See also State v. Graham*, 9th Dist. Summit No. 28153, 2017-Ohio-908, ¶ 12. Thus, this Court limits its review to Allen's third argument, regarding his counsel's failure to object during the sentencing hearing.

{¶39} To establish a claim of ineffective assistance of counsel, an appellant must demonstrate "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Mundt*, 115 Ohio St.3d 22, 2007-Ohio-4836, ¶ 62. "In the context of a guilty plea, the defendant must demonstrate that there is a reasonable probability that, but for his counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *State v. Evans*, 9th Dist. Medina No. 09CA0049-M, 2010-Ohio-3545, ¶ 4.

{¶40} At Allen's sentencing hearing, his wife was allowed to address the court. She described the wonderful qualities that her young son possessed, addressed the pain she experienced as a result of Allen's actions, portrayed Allen as a threat to society, and asked the court to consider his criminal history and actions in sentencing him. Allen argues that his

counsel should have objected to her statements because, pursuant to the spousal privilege, they were inadmissible. He asserts that his counsel's failure to object prejudiced him because "[t]here is no basis to find [his wife's] comments did not impact the trial court's sentencing decision."

**{¶41}** Even assuming that Allen could invoke the spousal privilege at his sentencing hearing, *but see State v. Mavrakis*, 9th Dist. Summit No. 27457, 2015-Ohio-4902, ¶ 29, citing Evid.R. 101(C)(3), the privilege does not prohibit a spouse from testifying about communications or acts done against his or her child. *See State v. Patterson*, 9th Dist. Lorain No. 91CA004975, 1992 WL 6651, *5 (Jan. 15, 1992), citing R.C. 2945.42. Allen has not explained why the foregoing exception would not apply here, given that the victim in this matter was his son. *See* App.R. 16(A)(7). Moreover, he has not shown that, but for his counsel's alleged error, "he would not have pleaded guilty and would have insisted on going to trial." *Evans* at ¶ 4. Allen faced serious charges and there was little question of his guilt, given that his son shot himself in Allen's vehicle with Allen's gun. Allen's guilty plea allowed him to avoid convictions on two third-degree felonies. Had he gone to trial on all of his charges, his sentence could have been considerably longer. Accordingly, even if his counsel should have objected to his wife's statements, Allen has not shown that the error resulted in actual prejudice. *See id. See also State v. Debruce*, 9th Dist. Summit No. 28233, 2016-Ohio-8280, ¶ 16. Allen's sixth assignment of error is overruled.

III.

**{¶42}** Allen's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

MARK H. LUDWIG, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.