[Cite as *State v. Gordon*, 2017-Ohio-9085.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE/
    CROSS-APPELLANT,

CASE NO. 1-17-13

v.

COREY D. GORDON,

O P I N I O N

    DEFENDANT-APPELLANT/
    CROSS-APPELLEE.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2016-0262

Judgment Affirmed in Part, Reversed in Part
Cause Remanded

Date of Decision:  December 18, 2017

APPEARANCES:

    *Scott A. Kelly* for Appellant

    *Jana E. Emerick* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant/cross-appellee Corey D. Gordon ("Gordon") brings this appeal from the judgment of the Court of Common Pleas of Allen County finding him to be a major drug offender. Gordon argues that the trial court failed to make an independent finding that he was a major drug offender. Additionally, the plaintiff-appellee/cross-appellant the State of Ohio ("the State") appeals the judgment of the trial court modifying a final judgment of conviction and sentencing alleging that the trial court lacked jurisdiction to do so. For the reasons set forth below, the judgments are affirmed in part and reversed in part.

{¶2} On August 11, 2016, the Allen County Grand Jury indicted Gordon on one count of Possession of Cocaine in violation of R.C. 2925.11(A), 2925.11(C)(4)(f), a felony of the first degree. Doc. 3. This count contained a firearm specification and a major drug offender specification. *Id*. Gordon was also indicted on one count of Having Weapons While Under Disability in violation of R.C. 2923.13(A)(2), a felony of the third degree. Gordon entered pleas of not guilty to the charges. Doc. 10. On December 16, 2016, Gordon changed his plea to one of guilty as part of a negotiated plea agreement. Doc. 82. In exchange for his plea of guilty to Count 1, including the major drug offender specification, the State agreed to dismiss the firearm specification and Count 2 of the indictment. *Id.* The trial court personally addressed Gordon and determined that the plea of guilty was a voluntary act. Doc. 83. The trial court then accepted the plea of guilty to one

count of possession of cocaine with a major drug offender specification and dismissed all remaining specifications and charges. *Id.*

**{¶3}** On February 23, 2017, a sentencing hearing was held. Doc. 90. The trial court ordered Gordon to serve a mandatory prison term of 11 years. *Id.* The trial court also imposed a mandatory fine of $10,000.00. *Id.* On March 8, 2017, Gordon filed a motion to modify his sentence requesting that the mandatory fine be waived because he was indigent. Doc. 93. The trial court granted this motion on March 9, 2017, and ordered the mandatory fine to be waived. Doc. 94. On that same day, the State filed its response to the motion. Doc. 95. On March 10, 2017, the State filed a motion for the trial court to reconsider its modification of sentence. Prior to a ruling on this motion, Gordon filed his notice of appeal from the sentencing entry. Doc. 97. The State filed its notice of cross-appeal on March 29, 2017. Doc. 101. On appeal, Gordon raised the following assignment of error.

> **The conviction and sentencing of [Gordon] is in error as the trial court erred by not making a determination that [Gordon] was a major drug offender pursuant to R.C. 2941.1410(B).**

The State then raised the following assignment of error in its cross-appeal.

> **The trial court erred in filing an order purporting to modify a final judgment of conviction and sentencing, as the trial court lacked jurisdiction to do so.**

*Finding that Defendant was a Major Drug Offender*

**{¶4}** Gordon claims in his assignment of error that the trial court erred by finding him to be a major drug offender pursuant to R.C. 2941.1410(B). A major

-3-

drug offender is defined as a defendant who "pleads guilty to the possession of * * * any drug, compound, mixture, preparation, or substance that contains * * * at least one hundred grams of cocaine * * *. R.C. 2929.01(W). R.C. 2941.1410 requires the specification to be contained in the indictment and that the trial court "shall determine the issue of whether an offender is a major drug offender." R.C. 2941.1410(A),(B). Gordon argues that the trial court erred because it did not specifically find that he was a major drug offender. We disagree.

{¶5} Initially, this Court notes that Gordon entered a plea of guilty to Possession of Cocaine based upon the facts that he had cocaine equal to or in excess of one hundred grams of cocaine. Doc. 3 and 83. Gordon also entered a plea of guilty to the major drug offender specification. Doc. 83. At the plea hearing, the trial court specifically addressed the specification with Gordon and Gordon acknowledged that he understood what the trial court told him. Tr. 7-8. The trial court also informed Gordon that because of the specification, he would be required to serve a mandatory term of eleven years in prison and Gordon acknowledged this fact. Tr. 9-11. The trial court then conducted the following dialogue.

> **The Court: * * * I want to make it clear. There's a separate plea of guilty required both on the possession of cocaine as well as the major drug offense so I'll have to hear both pleas of guilty on each if that's the intention.**
>
> **Mr. Kelly [defense counsel]: That's fine Your Honor. [Gordon], is it your intention to enter a guilty plea to both the count one possession of cocaine along with the second part being the MDO specification as part of count one?**

-4-

[Gordon]: Yes.

Mr. Kelly: Can you acknowledge that to the court by saying "guilty"?

[Gordon]: Guilty.

The Court: Okay, thank you. So, Mr. Gordon to make it clear your lawyer has indicated to me that you will plead guilty and it is your desire at this time to do so to possession of cocaine is that correct?

[Gordon]: Yes.

The Court: As well as then secondly, the major drug offender status, the specification included with the possession of cocaine, is that also correct?

[Gordon]: Yes.

The Court: Do you understand if I accept these pleas of guilty they are a complete admission of guilt to the respective count: Count One the possession of cocaine as well as then the specification being the major drug offender, is that correct you understand that?

[Gordon]: Yes.

The Court: You understand it's a complete admission of guilt?

[Gordon]: Yes.

The Court: And this is what you wish to do today?

[Gordon]: Yes.

The Court: All right, the court will find that the defendant has been advised of the nature of the charges, the nature of the potential penalties, and his rights which he's knowingly, voluntarily and intelligently waived. The court will find that the plea that he has entered with respect to possession of cocaine, a

**felony of the first degree, has been entered knowingly, voluntarily and intelligently without threat, force or coercion. Similarly, the plea of guilty that's been entered to the major drug offender status included as a part of count one is entered knowingly, voluntarily and intelligently without threat, force or coercion.**

**Both of these pleas of guilty will be accepted. The court will find the defendant guilty based upon these pleas of possession of cocaine, a felony of the first degree in count one a violation of [R.C. 2925.11(A),(C)(4)(f)] and secondly then the major drug offender status and specification included in count one a violation of [R.C. 2941.1410(A)].**

Tr. 17-19. The trial court did make a specific finding that Gordon had violated R.C. 2941.1410(A) based upon the plea of guilty entered by Gordon. There were no factual determinations to be made by the trial court because Gordon admitted that he was guilty of the offense and waived his right to challenge all nonjurisdictional defects by entering a guilty plea. *See State v. Phillips*, 9th Dist. Summit No. 24198, 2008-Ohio-6795. The trial court fully advised Gordon of what the effect of the plea was and the potential penalties before Gordon entered the plea. The trial court's determination came when it accepted the guilty plea. For this reason, Gordon's assignment of error is overruled.

*Modification of Sentence*

{¶6} In its cross-appeal, the State alleges that the trial court erred by entering judgment modifying the sentence after Gordon began serving his sentence. "A criminal sentence is final upon issuance of a final order." *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671, ¶ 11. An order is final when the order

sets forth 1) the facts of the conviction, 2) the sentence, 3) the judge's signature, and 4) the time stamp indicating the entry upon the journal by the clerk of courts. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 14. In this case, an entry was time stamped on February 27, 2017. Doc. 90. The entry stated that Gordon had been convicted upon his plea of guilty of possession of cocaine with a major drug offender specification. *Id.* The entry then set forth the sentence that was imposed at the sentencing hearing. *Id.* The entry contained the judge's signature. *Id.* Thus, it was a final order and was not subject to modification by the trial court. The trial court erred by modifying the sentence after it was final and the State's assignment of error is well taken.

{¶7} The judgment entry of the Court of Common Pleas of Allen County finding Gordon guilty of possession of cocaine and finding him to be a major drug offender is affirmed. The judgment entry modifying the sentence is reversed and the matter is remanded for further proceedings in accord with this opinion.

*Affirmed in Part,*
*Reversed in Part,*
*And Cause Remanded*

**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**