[Cite as *State v. Nanni*, 2024-Ohio-2354.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 30901 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHRYSTALEXA NANNI | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 23 02 0438 |

DECISION AND JOURNAL ENTRY

Dated: June 20, 2024

CARR, Judge.

**{¶1}** Appellant, Chrystalexa Nanni, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

**{¶2}** On February 10, 2023, the Summit County Grand Jury returned an indictment charging Nanni with one count of domestic violence in violation of R.C. 2919.25(A)/(D)(3), a felony of the fourth degree. The indictment specified that Nanni had previously been convicted of domestic violence in the Stow Municipal Court in 2021. After initially pleading not guilty to the charges at arraignment, Nanni entered into a plea agreement where she pleaded guilty to the sole charge in the indictment in exchange for a jointly recommended sentence of community control. The trial court accepted Nanni's guilty plea and, in accordance with the plea agreement, sentenced Nanni to a 12-month term of community control.

**{¶3}** On appeal, Nanni raises two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

[NANNI]'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY ENTERED.

**{¶4}** In her first assignment of error, Nanni argues that she did not enter a knowing, intelligent, and voluntary plea to the charge of domestic violence as a felony of the fourth degree. Nanni's argument is predicated on the notion that her prior conviction in the Stow Municipal Court was not sufficient to enhance the charge in this case from a misdemeanor to a felony. This Court disagrees.

**{¶5}** "A plea is invalid where it has not been entered in a knowing, intelligent, and voluntary manner." *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 4, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 25, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "Crim.R. 11(C) prohibits a trial judge from accepting a guilty plea without first ensuring that the defendant is fully informed regarding his rights and that he understands the consequences of his plea." *Farnsworth* at ¶ 4.

**{¶6}** As noted above, the indictment in this case specified that the charge against Nanni was elevated to a fourth-degree felony pursuant to R.C. 2919.25(D)(3) because Nanni had previously been convicted of domestic violence in the Stow Municipal Court in 2021. When the parties appeared for the plea hearing, the assistant prosecutor stated that the parties had reached an agreement where, in exchange for a joint sentencing recommendation, Nanni would "enter a plea of guilty to the sole count in the indictment, domestic violence, felony of the fourth degree." Defense counsel confirmed the terms of the plea agreement. Nanni stated that she had received adequate time to discuss the matter with defense counsel and that she was prepared to enter a guilty plea.

{¶7} The trial court then conducted a thorough plea colloquy to ensure that Nanni's plea was knowing, intelligent, and voluntary. During that exchange, the trial court asked Nanni if she understood the allegations in the indictment and what she was accused of doing. Nanni responded in the affirmative. The trial court then asked, "Do you understand if you plead guilty to this offense, which is domestic violence, a felony of the fourth degree, you're making a complete admission that you committed the allegations contained in the indictment?" Nanni responded, "Yes, I understand." Later, the trial court inquired as to whether Nanni understood that enhancement scheme pertaining to domestic violence offenses and that further offense could increase the offense level and penalty. Nanni again responded in the affirmative.

{¶8} Under these circumstances, Nanni's argument regarding her guilty plea is without merit. Crim.R. 11(B)(1) provides that a "plea of guilty is a complete admission of the defendant's guilt." "A defendant who enters a knowing, voluntary, and intelligent guilty plea waives all nonjurisdictional defects for the purpose of future proceedings. This includes the right to challenge the sufficiency of the evidence underlying the conviction to which [s]he pled guilty." (Internal citations and quotations omitted.) *State v. Phillips*, 9th Dist. Summit No. 24198, 2008-Ohio-6795, ¶ 6. Here, a review of the transcript from the plea hearing reveals that Nanni understood that she was admitting to the allegations contained in the indictment, which charged her with fourth-degree domestic violence based on her prior domestic violence conviction. There is nothing in the record supporting the conclusion that Nanni did not enter a knowing, voluntary, and intelligent guilty plea.

{¶9} Furthermore, while Nanni argues for the first time on appeal that her 2021 domestic violence conviction was not sufficient to enhance the degree of the offense in this case, we are mindful that the judgment entry evidencing her 2021 conviction was not made part of the trial

court record. "This Court's review is limited to the record as it existed when the trial court rendered judgment." *Lloyd v. Rogerson*, 9th Dist. Wayne No. 18AP0024, 2019-Ohio-2606, ¶ 17. While Nanni filed a motion to supplement the appellate record with a copy of the 2021 judgment of conviction, this Court denied the motion on the basis that Nanni failed to demonstrate that the filing was omitted from the record by accident or mistake pursuant to App.R. 9(E). *See State v. Nanni*, 9th Dist. Summit No. 30901 (January 5, 2024). Although Nanni attempted to attach the 2021 judgment of conviction to the appendix of her appellate brief, this Court declines to consider that portion of the appendix as it is not properly before this Court. To the extent Nanni seeks to pursue a claim that is predicated on evidence outside the record on direct appeal, her claim may be more appropriate for post-conviction relief. *State v. Harper*, 9th Dist. Summit No. 30523, 2024-Ohio-321, ¶ 7. Accordingly, this Court is prohibited from considering Nanni's argument in this regard.

{¶10} Nanni's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

[NANNI] RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN ENTERING HER PLEA[.]

{¶11} In her second assignment of error, Nanni argues that trial counsel rendered ineffective assistance of counsel. This Court disagrees.

{¶12} In order to prevail on a claim of ineffective assistance of counsel, Nanni must show that "counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance." *State v. Reynolds*, 80 Ohio St.3d 670, 674 (1998), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*

at 686. Thus, a two-prong test is necessary to examine such claims. First, Nanni must show that counsel's performance was objectively deficient by producing evidence that counsel acted unreasonably. *State v. Keith*, 79 Ohio St.3d 514, 534 (1997), citing *Strickland* at 687. Second, Nanni must demonstrate that but for counsel's errors, there is a reasonable probability that the results of the trial would have been different. *Keith* at 534. "This Court need not address both prongs of the *Strickland* test if the appellant fails to satisfy either prong." *State v. Gannon*, 9th Dist. Medina No. 19CA0053-M, 2020-Ohio-3075, ¶ 23, citing *State v. Ray*, 9th Dist. Summit No. 22459, 2005-Ohio-4941, ¶ 10.

{¶13} In support of her second assignment of error, Nanni asserts that trial counsel rendered ineffective assistance by failing to file a motion to dismiss the indictment on the grounds that her prior conviction was not sufficient to enhance the charge in this case from a misdemeanor to a felony. On direct appeal, an appellant cannot prevail on an ineffective assistance claim when the claim is predicated on evidence that is outside the record. *State v. Tench*, 156 Ohio St.3d 85, 2018-Ohio-5205, ¶ 265. As mentioned above, the record before this Court is devoid of evidence pertaining to the details of Nanni's prior conviction, except for the allegations contained in the indictment to which Nanni pleaded guilty. It follows that Nanni cannot prevail on her second assignment of error as her claims are predicated on evidence outside the record.

{¶14} The second assignment of error is overruled.

III.

{¶15} Nanni's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

WESLEY C. BUCHANAN, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.